UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSIE DELACRUZ MILO, | ) | Case No. EDCV 14-2205 DOC(JC) |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE WHY |
| v. | ) | THIS ACTION SHOULD NOT BE |
| | ) | DISMISSED AS TIME-BARRED |
| DANIEL PARAMO, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On October 7, 2014, petitioner signed and is deemed to have constructively filed[1] a "Petition for Writ of Habeas Corpus" ("Petition"), which was originally filed in, and transferred from, the Southern District of California, and was formally filed in the Central District of California on November 4, 2014.[2] The Petition challenges petitioner's March 2004 conviction in Riverside County Superior Court. (Petition at 1).

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation

---

[1] See Houston v. Lack, 487 U.S. 266, 276, (1988).

[2] Attached to the Petition are a memorandum of points and authorities and an Appendix containing multiple exhibits ("Petition Ex.").

1

period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it appears that petitioner had one year from the date his conviction became final to file a federal habeas petition. Petitioner's conviction became final on April 18, 2006, *i.e.*, ninety (90) days after the California Supreme Court denied his petition for review on January 18, 2006 (Petition Ex. E) – when petitioner's time to file a petition for certiorari with the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (period of direct review in 28 U.S.C. § 2244(d)(1)(A) includes ninety-day period within which petitioner can file petition for writ of certiorari in United States Supreme Court, whether or not petitioner actually files such petition). Therefore, the statute of limitations commenced to run on April 19, 2006, and absent tolling, expired on April 18, 2007.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011). Here, petitioner is not entitled to statutory tolling because none of his post-conviction challenges to his conviction

were filed or pending between April 19, 2006, and April 18, 2007, when the statute of limitations in petitioner's case ran. (Petition Exs. G-I, N-O). Petitioner's late-filed coram nobis and habeas petitions cannot revive the expired limitations period for the Petition. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (§ 2244(d) does not permit the reinitiation of the limitations period that ended before a state petition is filed), cert. denied, 540 U.S. 924 (2003). Accordingly, statutory tolling does not render the Petition timely filed.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). Here, it does not appear from the face of the Petition and supporting documents that petitioner has met such burden. While petitioner points to his ignorance of the law and limited law library access (Petition Ex. F), the Petition and supporting documents before the Court fail to demonstrate that such factors merit equitable tolling in this case. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (ordinary prison limitations on a petitioner's access to the law library do not constitute extraordinary circumstances); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 n.4 (9th Cir.) ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling.") (citation omitted), cert. denied, 558 U.S. 897 (2009). Indeed, the record reflects that petitioner has had significant access to a law library and a paging system through which he could obtain copies of cases, that he was able to borrow legal materials from other inmates, that he had the assistance of at least two other inmates, and that he ceded his time in the law library to at least one other inmate. (Petition Ex. F). Despite the foregoing, petitioner did not file a state habeas petition challenging his conviction until July

2014 (Petition Ex. N) – more than eight years after his conviction became final.[3] This does not bespeak the existence of an extraordinary circumstance or the type of diligence necessary to invoke equitable tolling.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a

---

[3]The California Supreme Court denied such habeas petition with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998) (Petition Ex. O), signifying that it was untimely. See Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (California Supreme Court's citation to Robbins signifies that such court rejected habeas petition as untimely).

[petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Here, petitioner has not submitted new, reliable evidence to cast doubt on his conviction to permit the Court to consider his apparently otherwise time-barred claims.

For the reasons discussed above, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE within fourteen (14) days of the date of this Order, why this action should not be dismissed as time-barred.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claims may later be subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1).

Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of this action with prejudice based upon petitioner's claims being time-barred, petitioner's failure to comply with the Court's orders, and/or petitioner's failure to prosecute.

IT IS SO ORDERED.

DATED: November 19, 2014

                                                                         /s/
                                    _____
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE